# In the United States Court of Federal Claims

No. 20-1285

(Filed: December 1, 2022)

**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| HAMILTON SQUARE, LLC, * | |
| * | |
| Plaintiff, * | RCFC 54(b); Motion for Reconsideration; Clear Factual Error; Clear Legal Error; RCFC 12(b)(6); Failure to State a Claim; Breach of Contract; Implied Duty of Good Faith and Fair Dealing. |
| * | |
| v. * | |
| * | |
| THE UNITED STATES, * | |
| * | |
| Defendant. * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Joanne Leah Castella*, Burke, Williams & Sorensen, LLP, Oakland, CA, counsel for Plaintiff.

*Allision Schilling Vicks*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

## MEMORANDUM OPINION AND ORDER

**DIETZ, Judge.**

Before the Court is the government's motion for reconsideration of an opinion issued by the Court on July 20, 2022, granting-in-part and denying-in-part the government's motion to dismiss Hamilton Square, LLC's ("Hamilton") amended complaint. The government requests that the Court reconsider the portions of its opinion denying its motion to dismiss. For the reasons explained below, the government's motion is **DENIED**.

## I.   BACKGROUND

This dispute concerns the sale by the United States Department of the Navy ("Navy") of 2.7 acres of land (the "Property") located in Novato, California to Hamilton. Am. Compl. [ECF 19] ¶ 1. Prior to the sale, the Property was used as a Naval Exchange gas station, and it housed several underground gasoline storage tanks. *Id.* ¶ 8. After closing the station and removing the storage tanks, the Navy designated the Property to be sold for commercial use. *Id.* ¶¶ 7-8; App. to Def.'s Mot. to Dismiss [ECF 22-3] at 62. In preparation for the sale, the Navy engaged in clean up and remediation efforts on the Property. [ECF 19] ¶¶ 1, 10-15. Hamilton and the Navy executed a deed (the "Deed") on April 18, 2005. *Id.* ¶ 33. Several years later, Hamilton conducted soil vapor sampling to analyze the Property's suitability for residential use. *Id.* ¶¶ 53-60. The samples showed contaminants on the Property "at levels that exceed the screening levels for commercial/industrial use in effect on the date of the Deed." *Id.* ¶ 61. Following this

discovery, Hamilton notified the Navy of the contaminants and requested that the Navy perform remediation. *Id.* ¶ 65. Despite Hamilton's efforts, the Navy did not remediate the Property or compensate Hamilton for the cost of remediation. *Id.* ¶ 64.

On September 29, 2020, Hamilton filed a complaint—which it later amended—in this Court alleging that the Navy breached its obligations under the Deed and breached the implied duty of good faith and fair dealing. *See* Compl. [ECF 1]; [ECF 19]. The government subsequently moved to dismiss Hamilton's amended complaint as untimely pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") and for failure to state a claim pursuant to RCFC 12(b)(6). *See* Def.'s Mot. to Dismiss [ECF 22]. In an opinion issued on July 20, 2022, the Court granted the motion with respect to Hamilton's breach of contract claims based on the Navy's failure to adequately perform the required ongoing corrective actions on the Property as required by the Deed and its failure to ensure that the Property was suitable for commercial development. *See Hamilton Square, LLC v. United States*, 160 Fed. Cl. 617, 629-30 (2022). The Court denied the motion with respect to Hamilton's breach of contract claim based on the Navy's failure to remediate the newly discovered contaminants on the Property after receiving notice from Hamilton and Hamilton's claim that the Navy breached the implied duty of good faith and failure dealing. *Id.*

On August 16, 2022, the government filed a Motion to Amend the Opinion and for Reconsideration pursuant to RCFC 54 and 59. [ECF 37]. In its motion, the government requests that the Court reconsider the portions of its opinion holding that Hamilton "(1) sufficiently stated a timely claim for breach of contract based on the Navy's alleged failure to remediate newly discovered contaminants on the [P]roperty, and (2) sufficiently stated a claim for breach of the implied duty of good faith and fair dealing based on the Navy's alleged failure to perform ongoing corrective action to protect health and the environment and alleged failure to ensure the property was suitable for commercial development." *Id.* at 5. The Court issued a scheduling order instructing Hamilton to respond to the government's motion and allowing the government an opportunity to reply. [ECF 38]. Hamilton submitted its response on August 30, 2022, *see* [ECF 39], and the government submitted its reply on September 9, 2022, *see* [ECF 42].

## II.   DISCUSSION

RCFC 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment[.]" RCFC 54(b). Unlike RCFC 59 and 60, which apply to the reconsideration of final judgments, RCFC 54(b) applies to the reconsideration of interlocutory orders. *See E&I Glob. Energy Servs., Inc. v. United States*, 152 Fed. Cl. 524, 530 (2021); *Fla. Power & Light Co. v. United States*, 66 Fed. Cl. 93, 97 (2005); *L-3 Commc'ns Integrated Sys., L.P. v. United States*, 98 Fed. Cl. 45, 48 (2011). Under RCFC 54(b), a court has wide discretion to revise its prior orders "as justice requires." *L-3 Commc'ns*, 98 Fed. Cl. at 48.

> A. <u>Whether the Court's Holding that Hamilton Sufficiently Stated a Breach of Contract Claim was Based on Clear Factual Error</u>

The government asserts that the Court's holding that Hamilton sufficiently stated a breach of contract claim based on the Navy's alleged failure to remediate newly discovered

contaminants on the Property "rests on a clear factual error" because it "assumes as true that Hamilton provided timely notice of that newly discovered contamination within 90 days" as required by the Deed. [ECF 37] at 7. According to the government, the "specific allegations in the amended complaint [] referenced by the Court establish that Hamilton's notice to the Navy was not timely." *Id*. at 8.

The Court is not persuaded that its conclusion rests on clear factual error. For a breach of contract claim, a plaintiff must show a valid contract between the parties, an obligation arising out of the contract, a breach of that obligation, and damages caused by the breach. *Hamilton Square,* 160 Fed. Cl. at 624 (citing *San Carlos Irrigation & Drainage Dist. v. United States*, 877 F.3d 957, 959 (Fed. Cir. 1989)). In its amended complaint, Hamilton alleges that the Navy breached the terms of the Deed by failing to remediate newly discovered chloroform and petroleum contamination on the Property after being notified by Hamilton, and that such breach resulted in monetary damages to Hamilton. [ECF 19] ¶¶ 69-70. The government moved to dismiss this breach of contract claim pursuant to RCFC 12(b)(6), arguing that Hamilton failed to allege facts sufficient to show that chloroform existed on the Property prior to the Deed and that the Navy does not have a contractual obligation to remediate petroleum. [ECF 22] at 24-29; Def.'s Reply [ECF 30] at 8-11. The government did not directly dispute Hamilton's compliance with the requirement in Section II.K(5) of the Deed that Hamilton notify the Navy in writing within 90 days after discovery of newly discovered contamination. Based on the allegations in the amended complaint and the parties' briefing on the government's motion to dismiss, the Court concluded that, "assuming [Hamilton's] allegations to be true and drawing all reasonable inferences in Hamilton's favor," Hamilton had sufficiently stated a plausible claim for breach of contract sufficient to avoid dismissal under RCFC 12(b)(6). *Hamilton Square*, 160 Fed. Cl. at 625-26. This conclusion is consistent with the RCFC 12(b)(6) standard of review, which requires that a complaint contain "enough facts to state a claim to relief that is plausible on its face[,]" *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and that the court "construe the complaint's allegations in favor of the plaintiff," *see* RCFC 12(b)(6); *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)*, abrogated on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 814-15 (1982).

Now, in its motion for reconsideration, the government asserts that Hamilton failed to state a valid breach of contract claim based on the Navy's failure to remediate the newly discovered contaminants because Hamilton did not provide timely written notification. [ECF 37] at 7. In support of its argument, the government strings together parts of Hamilton's complaint, including parts referenced in the Court's opinion. *Id*. at 8-9. Despite its efforts, however, the government has not established that the Court's conclusion was based on clear factual error. In its complaint, Hamilton alleges that it informed the Navy of its discovery of contaminants, including petroleum products, on the Property "[l]ess than 90 days after learning that the environmental condition of the Subject Property was not suitable for commercial/industrial development." [ECF 19] ¶ 65. Hamilton also states that it had "performed all, or substantially all, of the obligations that the Deed required of [it]." *Id.* ¶ 68. While these allegations do not definitively resolve whether Hamilton provided timely notification in accordance with the terms of the Deed, they are sufficient to support Hamilton's breach of contact claim and to avoid dismissal under RCFC 12(b)(6), especially in the absence of a direct challenge by the

government in its motion to dismiss. Ultimately, whether Hamilton fully complied with the Deed's notification requirements is a question of fact to be resolved after discovery.[1]

  B. <u>Whether the Court's Holding that Hamilton Sufficiently Stated a Claim for Breach of the Implied Duty of Good Faith and Fair Dealing was Based on Clear Legal Error</u>

The government also asserts that the Court erred by concluding that Hamilton sufficiently stated a claim for breach of the implied duty of good faith and fair dealing based on the Navy's failure to "diligently perform[] all ongoing obligations required by the Deed, including performing ongoing corrective actions required by the Navy . . . and to ensure that the Subject Property was suitable for commercial development" after the Court concluded that the Deed did not include any express provisions that require the Navy to undertake such obligations. [ECF 37] at 13. The government states that "there can be no associated implied duty of good faith and fair dealing regarding those provisions or imposing such provisions" that were not expressly contained in the Deed. *Id*.

The Court is not persuaded that its conclusion is based on clear legal error. If the Deed contained express provisions that required the Navy to perform ongoing corrective actions and to ensure that the Property is suitable for commercial development, such provisions would "preempt the need to invoke the doctrine of good faith and fair dealing." *BGT Holdings LLC v. United States*, 984 F.3d 1003, 1016 (Fed. Cir. 2020). In the Court's July 20, 2022 Opinion, the Court determined that the Deed did not contain express provisions that require the Navy to undertake such obligations. *Hamilton Square*, 160 Fed. Cl. at 627-28. The Court also determined that the absence of such express provisions did not preclude Hamilton from stating a plausible claim that the Navy breached the implied duty of good faith and fair dealing. *Id*. at 629; *see also Metcalf Constr. Co., Inc. v. United States*, 742 F.3d 984, 991 (Fed. Cir. 2014). In this regard, the Court concluded that Hamilton had sufficiently stated a plausible claim that the Navy breached the implied duty of good faith and fair dealing because Hamilton alleged that "the Navy's conduct destroyed its reasonable expectations regarding the fruits of the Deed." *Hamilton Square,* 160 Fed. Cl. at 629. While the implied duty of good faith and fair dealing cannot expand the Navy's contractual duties beyond those in the Deed or create duties inconsistent with the Deed's provisions, *see Precision Pine & Timber, Inc. v. United States*, 596 F.3d 817, 831 (Fed. Cir. 2010), whether there has been a breach of an implied duty depends on the nature of the bargain struck by Hamilton and the Navy and their respective expectations regarding the fruits of the Deed, *see Metcalf*, 742 F.3d at 991. These aspects of Hamilton's claim are fact-intensive and require further exploration during discovery. *Hamilton Square,* 160 Fed. Cl. at 629.

In its motion for reconsideration, the government cites to the Federal Circuit's decision in *Dobyns v. United States*, 915 F.3d 733 (Fed. Cir. 2019) to argue that an implied duty claim may not "proceed without 'a tether to the contract terms'." [ECF 37] at 12 (citing *Dobyns*, 915 F. 3d at 740-41). In *Dobyns*, the Federal Circuit reversed a decision by the Court of Federal Claims finding that the government breached the implied duty of good faith and fair dealing. *Dobyns*,

---

[1] The Court does not address whether and how Hamilton's compliance, or its failure to comply, with the notification requirements impacts its breach of contract claim. This issue is dependent on the factual determination of whether Hamilton provided timely notice in accordance with the requirements of the Deed.

915 F.3d at 741. The Federal Circuit concluded that the Court of Federal Claims' analysis was flawed because it relied on the "essence" of the contract and parol evidence to infer an implied duty without any tether to the specific contract terms. *Id*. at 740-41 ("[i]nferring an implied duty based on the supposed purpose of the [] agreement, without a tether to the contract terms, would fundamentally alter the balance of risks and benefits associated with the [] agreement and cannot be the basis of a claim for breach of the implied duty of good faith and fair dealing."). The Federal Circuit acknowledged that a breach of the implied duty does not require a violation of an express contract provision, but it also made clear that the alleged implied duty must be grounded in the specific provisions of the contract. *Id.* at 739-40.

The Court's conclusion in this case is not inconsistent with the Federal Circuit's decision in *Dobyns*, which reversed a decision on the merits after trial. In this case, Hamilton grounded its breach of implied duty allegations in specific provisions of the Deed. *See* [ECF 19] ¶¶ 37-41, 71-78. Although Hamilton's allegations may well be flawed, and it may have a difficult time proving that the Navy breached the implied duty under the Deed, when considering a motion to dismiss under RCFC 12(b)(6), the Court must determine whether Hamilton's allegations state a plausible claim, not whether Hamilton's claims succeed on the merits. *See Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009); *Twombly,* 550 U.S. at 555.

### III.  CONCLUSION

Accordingly, the government's motion to amend the opinion and for reconsideration [ECF 37] is **DENIED**. The parties **SHALL FILE** a joint status report **on or before December 16, 2023**, setting forth a proposed schedule for further proceedings.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge
