# In the United States Court of Federal Claims

No. 20-1285
(Filed: April 14, 2026)

```
*****************************************
HAMILTON SQUARE, LLC,              *
                                  *
                 Plaintiff,       *
                                  *
          v.                      *
                                  *
THE UNITED STATES,                *
                                  *
                 Defendant.       *
*****************************************
```

*Joanne Leah Castella*, Burke, Williams & Sorensen, LLP, Oakland, CA, counsel for Plaintiff. With whom was *Davin Widgerow*, San Diego, CA, of counsel.

*Vijaya Surampudi*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

## OPINION AND ORDER

**DIETZ, Judge.**

Before the Court is a motion to reopen discovery filed by Hamilton Square, LLC ("Hamilton"). Pl.'s Mot. to Reopen Disc. [ECF 102].[1] Hamilton seeks "to [] supplement the factual record with [] new June 2025 evidence[] and [to] reopen discovery to commence expert discovery." *Id.* at 6. The government contends that "Hamilton fails to demonstrate any basis to reopen discovery" and that it "seeks belated discovery that is not relevant . . . , fails to link its requested fact discovery to any discovery request issued . . . , and seeks to prejudice the [g]overment by imposing . . . the expense and delay [] from additional liability discovery." Def.'s Resp. [ECF 103] at 4. For the reasons set forth below, the Court **GRANTS** Hamilton's request to supplement the factual record and **DENIES** its motion to reopen discovery.

## I.    BACKGROUND

Familiarity with the factual and procedural background in this case is presumed. *See Hamilton Square, LLC v. United States*, 177 Fed. Cl. 146, 149-53 (2025). As relevant here, discovery closed on August 9, 2024, *see* Order [ECF 62], the government's motion for summary judgment was fully briefed on December 23, 2024, *see* Def.'s Mot. for Summ. J. [ECF 66]; Pl.'s Resp. [ECF 67]; Def.'s Reply [ECF 73], and oral argument was held on June 25, 2025, *see* Order [ECF 86]. On July 2, 2025, Hamilton received a report dated June 27, 2025 ("KCE Report")

---

[1] The Court cites to the filings on the docket using the page numbers generated by the CM/ECF system.

from KCE Matrix, Inc., a consultant for a prospective purchaser of the property at issue in this litigation. [ECF 102] at 7 n.1. The KCE Report "identified chloroform contamination on the [p]roperty that exceeded commercial and residential use regulatory screening levels." *Id.* at 7-8 (citation omitted). On July 15, 2025, the Court issued an Opinion and Order partially granting the government's motion for summary judgment. *Hamilton Square, LLC*, 177 Fed. Cl. at 149. The Court granted summary judgment in favor of the government with respect to Hamilton's breach of contract claim due to the Navy's alleged failure to remediate petroleum contamination and denied summary judgment with respect to Hamilton's breach of contract claim relating to the Navy's alleged failure to remediate chloroform contamination. *Id.* at 165. Significantly, the Court addressed a statement made by Hamilton in its opposition to the government's motion for summary judgment, wherein Hamilton noted that "[e]xpert evaluation on the Navy's testing, historical chloroform uses, and Hamilton's activities since transfer is required before anyone can 'confirm' that the chloroform detected in 2019 did not predate transfer." *Id.* at 159 n.5 (citing [ECF 67] at 25). The Court stated the following:

> The record is unclear on the deadline for expert discovery. Based on the parties' Joint Preliminary Status Report ["(JPSR")], the Court issued a scheduling order providing that "[d]iscovery shall close on September 25, 2023. [ECF 50] (emphasis omitted). Thereafter, the deadline was extended multiple times, *see* [ECF[s] 52, 55, 58, 60, 62], with discovery ultimately closing on August 9, 2024, [ECF 62]. During discovery, the parties agreed to bifurcate the case into separate phases for liability and damages, [ECF 60] at 2, but disagreed on whether expert discovery on damages was necessary, *see* Joint Status Report [ECF 59] at 4.
>
> * * *
>
> The Court will address the lack of clarity regarding the status of discovery when it sets a schedule for further proceedings. At a minimum, however, it appears that the parties anticipated expert discovery at the damages phase. It may be the case that issues raised during such expert discovery—issues relating to the origin and extent of chloroform contamination—implicate liability as well.

*Id.* After the Court issued the opinion, Hamilton provided the KCE Report to the government on August 19, 2025, pursuant to Rule 26(e) of the Rules of the United States Court of Federal Claims ("RCFC"). [ECF 102] at 8; *see* [ECF 103] at 13 (government discussing contents of the KCE Report). Additionally, on September 17, 2025, Hamilton advised the government "that it intended to seek expert discovery on liability related to its allegations regarding chloroform on the subject property." *Id.* at 8. The Court held a status conference the following day to discuss the proposed trial schedule and the permissibility of expert discovery. Order [ECF 95]. Because the parties were unable to resolve their dispute regarding expert discovery, the Court ordered Hamilton to file a motion to reopen discovery that "address[es] the entirety of Hamilton's remaining discovery needs, including the need for expert discovery and the scope of such expert

discovery." *Id.* Hamilton filed its motion on January 9, 2026, [ECF 102], and it is now fully briefed and ready for adjudication, *see* [ECF 103]; Pl.'s Reply [ECF 106].

## II.    DISCUSSION

Hamilton requests permission to supplement the factual record with the KCE Report and to reopen discovery to allow for expert discovery on the chloroform contamination. [ECF 102] at 6, 12. The Court addresses each of Hamilton's requests in turn.

### A.    Hamilton's Request to Supplement the Factual Record

Hamilton argues that it should be permitted to supplement its prior discovery responses and disclosures with the KCE Report under Rule 26(e). [ECF 102] at 7. Hamilton asserts that it "satisfied the Rule 26(e) requirements with respect to the [KCE Report because it] . . . provided multiple prior responses to the Navy's discovery pertaining to chloroform, all of which were expressly based on evidence available to Hamilton at the time of the response." *Id.* The government counters that "Hamilton has failed to demonstrate a single discovery response under which this additional contamination report can be served under Rule 26 as supplementation." [ECF 103] at 11.

Rule 26 governs discovery disclosures, discovery requests and responses, and supplementing disclosures and responses. Rule 26(a)(1)(A) requires that each party make certain initial disclosures before receiving a discovery request. One of these disclosures is "a copy . . . of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims . . . ." RCFC 26(a)(1)(A)(ii). Once a party makes its initial disclosures or responds to a discovery request, such party has an ongoing duty to

> supplement or correct its disclosure or response . . . in a timely manner if [it] learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

RCFC 26(e)(1)(A). "RCFC 26(e) [] 'expressly requires that as theories mature and as the relevance of various items of evidence changes,' a party 'must . . . correct[] or supplement[]' its disclosures and discovery responses 'to reflect those changes.'" *Ideal Innovations, Inc. v. United States*, 167 Fed. Cl. 314, 333 (2023) (alterations in *Ideal Innovations, Inc.*) (quoting *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 10 F.4th 1358, 1372 (Fed. Cir. 2021). In sum, a party must supplement its initial disclosures or prior responses to discovery requests when it gains possession of a document containing information unknown to the other party that may be used to support its claims. *See* RCFC 26(a)(1)(A)(ii); 26(e). "Any dispute regarding the factual accuracy of [Rule 26(e)] amendments" to a discovery response may be contested "in a dispositive motion or at trial." *Republic Sav. Bank v. United States*, 57 Fed. Cl. 73, 76 (2003).

Here, Hamilton satisfied its obligation under Rule 26(e) to supplement its initial disclosures and discovery responses. Hamilton came into possession of the KCE Report "[a]t the

end of June 2025." [ECF 102] at 4. According to Hamilton, the report "is relevant to the remaining chloroform contamination issue in this case," *id.*, and Hamilton may use the report to support its claims relating to such contamination, *id.* at 8-9. As required by Rule 26(e), Hamilton disclosed the KCE Report to the government on August 19, 2025, as a supplement to its disclosures and discovery responses. *Id.* at 8. Because Hamilton complied with the requirements of Rule 26(e) by timely disclosing the KCE Report to the government, the Court will not prevent Hamilton from utilizing the report. If the government seeks to challenge the information in the KCE Report, it may bring such challenge in a subsequent dispositive motion or at trial.[2]

### B.      Hamilton's Motion to Reopen Discovery

In addition, Hamilton argues that "[g]ood cause exists to reopen discovery . . . [because] expert discovery was always contemplated in this case, and was specifically bifurcated from liability discovery and delayed for liability discovery to be completed." [ECF 102] at 10 (emphasis omitted). It contends that "expert discovery is needed to analyze the nature of the chloroform contamination at the [p]roperty, most especially to determine how long it has been on the [p]roperty and its likely source" and that "these issues implicate damages . . . and it is not feasible . . . to conduct expert testimony on damages without first resolving . . . how long the chloroform has been on the [p]roperty and identifying its likely source." *Id.* at 12. Hamilton further contends that "[t]he Navy will not suffer prejudice if discovery is reopened . . . [because it] agreed to a bifurcated discovery schedule that delayed expert discovery until after liability discovery had concluded." *Id.* at 13. Moreover, it contends that "prejudice . . . is voided . . . because the Court is providing the Navy with an opportunity to oppose reopening discovery and to rebut any expert testimony," *id.*, and that "the disadvantages caused by any delays in proceedings are significantly outweighed by the value of the proposed evidence to all parties, including the Navy, *id.* at 13-14 (emphasis omitted).

In response, the government states that "Hamilton's assertion that the parties agreed to delay all expert discovery is belied by the record before the Court." [ECF 103] at 17. According to the government, the record "makes clear that the parties agreed that expert discovery – related *solely* to damages – would be stayed until the damages phase." *Id.* (emphasis in original). The government asserts that "Hamilton's argument that it needs expert discovery to determine whether chloroform existed prior to the Navy's transfer of the deed appears to be an admission that Hamilton does not have sufficient evidence to support its claims." *Id.* at 19. The government contends that good cause does not exist to justify reopening discovery because "Hamilton has known, since at least 2019, that chloroform had been detected on the subject property" and "Hamilton has provided no basis to explain why it could not obtain the required evidentiary proof, including expert discovery, to support its claim during the Court ordered discovery

---

[2] Both parties rely on a four-part test outlined in *Science Applications International Corporation v. United States*, 162 Fed. Cl. 213, 221 (2022), to support their respective arguments regarding supplementation of the record with the KCE Report. *See* [ECF 102] at 7; [ECF 103] at 11-12. This test is used to determine whether a party is in violation of Rule 26(e) when it arguably had a duty to supplement its disclosures or discovery responses and it failed to properly do so. *See, e.g.*, *Sci. Applications Int'l Corp.*, 162 Fed. Cl. at 221, 223 (finding party did not have an obligation to supplement its discovery responses under Rule 26(e)); *Zoltek Corp. v. United States*, 71 Fed. Cl. 160, 163-67 (2006) (finding party failed to supplement its discovery responses under Rule 26(e)); *Tritek Techs., Inc. v. United States*, 63 Fed. Cl. 740, 746-750 (2005) (same). Thus, the Court declines to apply the test because Hamilton has properly supplemented its disclosures and discovery responses with the KCE Report.

period." *Id.* at 20. Furthermore, the government argues that it would be prejudiced by a reopening of discovery because it "would never have gone to the trouble or expense of briefing summary judgment on liability or wasted this Court's time with briefing and oral argument on the issue of liability if it thought there would be additional discovery on liability." *Id.* at 22.

Rule 26 sets forth the general scope of discovery as follows:

> [P]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

RCFC 26(b)(1). The Court's case management procedures state that, "[i]f discovery is required, the [JPSR] shall set forth a proposed discovery plan, including proposed deadlines" and that "[t]he parties shall propose a deadline for fact discovery, for the disclosure of any experts' reports, and for depositions or other discovery of experts." RCFC App. A, ¶ 5. Trial courts have "wide discretion in setting the limits of discovery," *Schism v. United States*, 316 F.3d 1259, 1300 (Fed. Cir. 2002) (quoting *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991)), and in resolving questions related to its "scope and conduct," *Florsheim Shoe Co., Div. of Interco, Inc. v. United States*, 744 F.2d 787, 797 (Fed. Cir. 1984). This discretion extends to motions to reopen discovery. *Croman Corp. v. United States*, 94 Fed. Cl. 157, 160 (2010) (citing *Te-Moak Bands of W. Shoshone Indians of Nev. v. United States*, 949 F.2d 1258, 1260 (Fed. Cir. 1991); *Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1322-23 (Fed. Cir. 2010)). The trial court may reopen discovery by modifying a court-imposed schedule "only for good cause and with the judge's consent." RCFC 16(b)(4). "Under the good cause standard, the threshold inquiry is whether the movant has been diligent." *Advanced Software Design Corp. v. Fiserv, Inc.*, 641 F.3d 1368, 1381 (Fed. Cir. 2011). Establishing diligence "requires a showing that even with the exercise of due diligence the moving party could not meet the order's timetable." *Ingham Reg'l Med. Ctr. v. United States*, 169 Fed. Cl. 12, 20 (2024) (quoting *Slip Track Sys., Inc. v. Metal-Lite, Inc.*, 304 F.3d 1256, 1270 (Fed. Cir. 2002)). "If the moving party fails to establish diligence, the Court may conclude its analysis and deny the motion." *ACME Worldwide Enters. v. United States*, 179 Fed. Cl. 303, 307 (2025) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1368 (Fed. Cir. 2006); *Sci. Applications Int'l Corp.*, 153 Fed. Cl. at 493). Additionally, the trial court "must limit . . . discovery . . . if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." RCFC 26(b)(2)(C); *see also Croman Corp.*, 94 Fed. Cl. at 161-62 (denying the government's motion to reopen discovery upon a determination that it had ample time during discovery to develop the information sought).

Here, the Court finds that Hamilton has not been diligent in its pursuit of expert discovery on the liability issues relating to the chloroform contamination and that, therefore, it cannot establish good cause to reopen discovery. After the Court's July 20, 2022, denial of the government's motion to dismiss, Op. & Order [ECF 35], Hamilton filed a status report on

August 15, 2022, proposing a schedule for further proceedings, Pl.'s Status Report [ECF 36]. Therein, Hamilton proposed, *inter alia*, the following discovery deadlines:

> November 4, 2022: Initial Disclosures
>
> June 30, 2023: Conclusion of fact discovery
>
> September 8, 2023: Conclusion of expert discovery
>
> September 22, 2023: Post Discovery Conference with the Court in accordance with Appendix A, Paragraph 11.

*Id.* at 2. Following the Court's December 10, 2022, denial of the government's motion for reconsideration, Mem. Op. & Order [ECF 43], the parties filed a JPSR on February 10, 2023, which proposed the following discovery deadlines:

> Exchange of initial disclosures:        March 24, 2023
>
> Close of Discovery:                          September 25, 2023

JPSR [ECF 49] at 7. Accordingly, the Court ordered that "[d]iscovery shall close on September 25, 2023. Scheduling Order [ECF 50] (emphasis omitted). Thereafter, the Court extended the discovery deadline multiple times, *see* [ECFs 52, 55, 58, 60, 62], and discovery ultimately closed on August 9, 2024, [ECF 62].

On April 1, 2024, prior to the close of discovery, the parties "request[ed] that the [Court] schedule . . . a status conference . . . to discuss the resolution of discovery disputes," Joint Status Report [ECF 57] at 1, and proposed filing a "letter summarizing the issues to be addressed in the status conference," *id.* at 2. On April 17, 2024, the parties filed a joint statement regarding the discovery issues, stating that "[t]he parties disagree about whether expert discovery about damages is appropriate." [ECF 59] at 4. The parties explained that Hamilton had "identified the need to engage in expert discovery to obtain analysis of its costs specifically toward remediating the land to meet the standards for commercial development." *Id.* Hamilton stated that "[e]xpert analysis is necessary because [its] invoices and costs spent on the [s]ubject [p]roperty are not categorized by 'for the purpose of commercial development' and 'for residential development.'" *Id.* The government argued that "[t]he Court should not order expert discovery on damages because it is neither substantively necessary nor procedurally appropriate in this case." *Id.* at 5. According to the government, "[e]xpert discovery was not discussed, as required by this Court's rules, in the [JPSR]," *id.* at 5, and "[t]he Court's scheduling orders [] set one time period for all discovery[, and e]xpert testimony about damages was not raised at all during the 12 month discovery period until a passing comment in [Hamilton's] March 5, 2024[,] second supplemental discovery responses." *Id.* at 6. Despite the government's assertion that "there is no excuse for Hamilton's failure to raise the issue of expert discovery much sooner than three weeks before discovery ended," the government yielded and stated that "[i]f the Court [] thinks that expert discovery on damages may be appropriate at some point in this case, the [government] requests that the Court bifurcate the case into liability and damages phases" because the government

"intend[ed] to file a dispositive motion on liability." *Id.* The government further explained that if it succeeded on its dispositive motion, "evidence on damages will not be necessary and the Court and the parties will save the time, resources, and expense of expert discovery and at trial." *Id.*

On the same day that the parties filed the joint statement on the discovery issues, the Court held a status conference to discuss the issues. *See* Status Conference Order [ECF 58]. During the conference, Hamilton stated: "We don't have a problem with bifurcation of expert discovery . . . if the only real question is whether we bifurcate the two and finish up the discovery on liability first before we move to expert discovery . . . ." Certified Tr. [ECF 79] at 31. Hamilton further stated: "The only other thing I would like to clarify, just so that there's no debate about this in the future, is that this is fact discovery and that . . . if we're bifurcating, then expert discovery will proceed . . . once we move past the liability phase." *Id.* at 35. In response, the government stated: "[I]f I can just pile on to [Hamilton's] clarification, [] it's expert discovery on damages . . . not any other expert discovery," to which Hamilton agreed. *Id.* at 35-36. After the conference, the Court bifurcated the case into liability and damages phases. *See* Order [ECF 60] at 2.

On this record, the Court cannot conclude that Hamilton exercised the diligence necessary to warrant reopening discovery for liability issues. First, while Hamilton proposed an expert discovery deadline in its status report after the Court denied the government's motion to dismiss, *see* [ECF 36], Hamilton failed to propose expert discovery deadlines in the JPSR or to otherwise reserve its right to pursue expert discovery, *see* [ECF 49]. Next, over nearly one and half years of discovery, Hamilton never indicated its intent to pursue expert discovery on liability. Instead, it only indicated its intent to pursue expert discovery on damages. *See* [ECF 59] at 4-5; [ECF 79] at 31, 35-36. Hamilton's statements in the April 17, 2024, joint statement on discovery issues, and its statements during the April 17, 2024, status conference unambiguously establish that Hamilton sought expert discovery on damages only, that the parties agreed to expert discovery on damages only if the case was bifurcated into liability and damages phases, and that expert discovery on damages would only be conducted, as necessary, after the conclusion of the liability phase. *See* [ECF 59] at 4-6; [ECF 79] at 31, 35-36. The first time Hamilton identified the need for expert discovery on liability was in its December 9, 2024, opposition to the government's motion for summary judgment on liability wherein Hamilton stated that "[e]xpert evaluation on the Navy's testing, historical chloroform uses, and Hamilton's activities since transfer is required before anyone can 'confirm' that the chloroform detected in 2019 did not predate transfer." [ECF 67] at 25. This occurred four months after discovery closed.

In its July 15, 2025, Order and Opinion, the Court stated that "[i]t may be the case that issues raised during [] expert discovery [on damages] . . . implicate liability as well." *Hamilton Square, LLC*, 177 Fed. Cl. at 159 n.5. However, it is clear from Hamilton's motion to reopen discovery that the liability issues relating to the chloroform contamination do not overlap with the damages issues and will not be addressed by expert discovery on damages. Indeed, in its motion, Hamilton proposes expert discovery on the chloroform contamination issues that relate only to liability, including the extent of the chloroform contamination, the age of the chloroform contamination, the Navy's activities that could introduce chloroform, and Hamilton's activities that could introduce chloroform. [ECF 102] at 15. Hamilton separately proposes expert discovery on damages issues, including damages stemming from petroleum remediation versus chloroform

remediation and damages stemming from residential-use remediation versus commercial-use remediation. *Id.* Hamilton cannot rely on its prior agreement to conduct expert discovery on damages—which is only relevant if Hamilton first proves liability—to argue that expert discovery on liability was always contemplated in this case.

Thus, Hamilton has not demonstrated the requisite diligence to warrant reopening discovery. It has failed to show that it could not have conducted expert discovery on liability before the discovery deadline ordered by the Court. *See Ingham Reg'l Med. Ctr.*, 169 Fed. Cl. at 20 (stating that good cause "requires a showing that even with the exercise of due diligence the moving party could not meet the order's timetable" (quoting *Slip Track Sys., Inc.*, 304 F.3d at 1270)). Furthermore, it has had ample opportunity—nearly one and a half years—to seek expert discovery on liability during the discovery period. *See* RCFC 26(b)(2)(C); *Croman Corp.*, 94 Fed. Cl. at 161-62. Because diligence is a threshold consideration, *see Advanced Software Design Corp.*, 641 F.3d at 1381, the Court concludes its analysis and does not consider the value of the proposed expert discovery on liability nor the resulting prejudice to the government if the Court were to permit such expert discovery, *see ACME Worldwide Enters.*, 179 Fed. Cl. at 307 (citing *O2 Micro Int'l Ltd.*, 467 F.3d at 1368; *Sci. Applications Int'l Corp.*, 153 Fed. Cl. at 493).

## III.    CONCLUSION

For the reasons set forth above, the Court **GRANTS** Hamilton's request to supplement the factual record with the KCE Report and **DENIES** its motion to reopen discovery to permit expert discovery on liability. [ECF 102]. The parties **SHALL FILE** a joint status report **on or before April 24, 2026**, setting forth a proposed schedule for further proceedings in this case.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge

8